**SO ORDERED.**

**SIGNED this 20 day of November, 2006.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                                         CASE NO.

**KENDRICK DURVILLE INGRAM**                                   06-02714-8-RDD
**GAIL FLOWERS INGRAM**

       DEBTORS

**ORDER EXCUSING REQUIREMENT THAT DEBTORS FILE SCHEDULE I AND SETTING ALTERNATIVE DATE TO DETERMINE DEBTORS' MONTHLY INCOME**

The matter before the court is the debtors' motion to excuse the requirement that they file Schedule I and for an order setting an alternative date to determine their current monthly income under Form B22C. A hearing was held in Fayetteville, North Carolina on November 16, 2006.

At the hearing of this matter, Mr. Ingram testified that prior to filing the petition in this case, he had been employed for five years on active duty with the National Guard, earning approximately $4033.00 per month. Mr. Ingram's duty ended on July 17, 2006 when he was phased out because of a reorganization of his unit. Mr. Ingram had been unemployed for two months at the time of the filing of the petition in this case. During Mr. Ingram's two-month period of unemployment, the debtors fell behind with their debt payments, resulting in their filing this petition on September 1, 2006.

Mr. Ingram began new employment last week at the Mobilization and Training Site at Fort Bragg, grossing approximately $2300.00 per month. He testified that there is room for advancement and raises in his new position. Mrs. Ingram remains employed as a bus driver, grossing approximately $250.00 per month. Because of their current income, the debtors believe that they will be able to make their proposed plan payments.

11 U.S.C. § 1325(b) requires that all of the debtors' disposable income be used to pay unsecured creditors in the Chapter 13 plan. Section 1325(b)(2) defines disposable income as current monthly income less reasonably necessary expenses. Current monthly income is generally determined by averaging the debtors' income for the six-month period prior to their filing the petition. However, 11 U.S.C. § 101(10A)(ii) allows for the court to determine another date on which current monthly income will be determined if the debtor does not file Schedule I. 11 U.S.C. § 521(a)(1)(B)(ii) requires the filing of Schedule I *unless the court orders otherwise*.

In this case, if the debtors' current monthly income were determined consistently with the general definition, it would include the months during which Mr. Ingram was employed with the National Guard. It would not reflect the significant decrease in income the debtors have suffered due to Mr. Ingram's involuntary change in employment. If the debtors were forced to use their pre-petition six-month average as their current monthly income, their plan would not be feasible due to their actual monthly income at this time. The debtors would then be forced to have their case dismissed and refile at a date more amenable to their situation, which would result in additional expenses for all parties involved.

It appears that the language of § 101(10A) anticipates situations where the debtor would be allowed to be exempt from filing Schedule I, thereby giving the court the opportunity to fix a different date

upon which current monthly income would be determined. The court cannot envision a more appropriate situation in which to use this authority than the present one.

For the foregoing reasons, the debtors' motion to excuse the requirement that they file Schedule I is **ALLOWED** and the debtors' current monthly income shall be determined using the six-month period ending on April 30, 2007.

**SO ORDERED**.

**END OF DOCUMENT**